**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BOSTON CAPITAL CORPORATION and BOSTON CAPITAL PARTNERS, INC.<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BOSTON CAPITAL PARTNERS LLC, and RAVI CHAUDHARY,<br><br>　　　　　　　　　　Defendants. | Civ. Action No.: _____<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs Boston Capital Corporation and Boston Capital Partners, Inc. (collectively, "Boston Capital"), through undersigned counsel, bring this complaint to redress, among other things, Defendants Boston Capital Partners LLC and Ravi Chaudhary's (collectively, "Defendants") blatant and continued acts of trademark infringement, unfair competition and false designation of origin, and violation of the Anti-cybersquatting Consumer Protection Act ("ACPA") under the under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as detailed herein.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Boston Capital's claims for trademark infringement, unfair competition and false designation of origin, and violation of the ACPA pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. §§1051, *et seq.*

2. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have a principal place of business and residence in Massachusetts, have registered, trafficked in, and/or used the bostoncapitalpartners.com domain name in

13016426.1

Massachusetts, routinely conduct, solicit, advertise, and/or transact business within this judicial district and elsewhere in Massachusetts, derive substantial revenue from the sale, distribution and/or manufacture of goods or services within this judicial district and elsewhere in Massachusetts, and/or have otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal jurisdiction.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and/or because a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

4.  Plaintiff Boston Capital Corporation is a Massachusetts corporation with its principal place of business at One Boston Place, Boston, Massachusetts  02108.

5.  Plaintiff Boston Capital Partners, Inc. is a Massachusetts corporation with its principal place of business at One Boston Place, Boston, Massachusetts  02108.

6.  Upon information and belief, Defendant Boston Capital Partners LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts.

7.  Upon information and belief, Defendant Ravi Chaudhary is an individual residing in Quincy, Massachusetts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
## THE BOSTON CAPITAL® MARK

8.  Founded in 1974, Boston Capital (f/k/a Greater Boston Development Corporation) is recognized as one of the country's leading real estate financing and investment firms and offers a wide range of financial services under the BOSTON CAPITAL mark.

9.  Plaintiff Boston Capital Corporation is the owner of all right, title, and interest in and to the mark BOSTON CAPITAL, and is the owner of U.S. Registration Nos. 3,048,438 (the

"'438 Registration") and 3,200,817 (the "'817 Registration") for BOSTON CAPITAL for, among other things, investment banking services, financial services, mortgage lending services, investment management, real estate acquisition and management services, real estate investment funds and trust, and various educational services. A true and accurate copy of the '438 and '817 Registrations are attached hereto as Exhibits 1 and 2.

10. Plaintiff Boston Capital Partners, Inc. is the owner of the bostoncapital.com domain name, and Boston Capital operates a website at www.bostoncapital.com. This domain name was registered on July 12, 1996.

11. At all times relevant to this action, Boston Capital Corporation has had the exclusive right to use the BOSTON CAPITAL mark and to benefit from all associated goodwill.

12. Boston Capital has invested substantial amounts of time and money to advertise, market, and promote their financial services under the BOSTON CAPITAL mark.

13. The BOSTON CAPITAL mark is a strong and distinctive mark that has been used by Boston Capital in interstate commerce extensively and continuously as an indication of source for their services. As a result of Boston Capital's extensive use and promotion of the BOSTON CAPITAL mark, Boston Capital has built a valuable reputation and substantial goodwill that is symbolized by this mark. The relevant market has come to recognize and associate the BOSTON CAPITAL mark exclusively with Boston Capital, and treats them as synonymous.

14. The BOSTON CAPITAL mark is famous within the financial services sector and is an extraordinarily valuable asset to Boston Capital.

**DEFENDANT'S INFRINGING AND BAD FAITH ACTIVITIES**

15. Mr. Chaudhary is the registered owner of the bostoncapitalpartners.com domain name.

16. Defendants are using the bostoncapitalpartners.com domain name as a URL for a "Boston Capital Partners" website, located at http://bostoncapitalpartners.com.

17. In or around March 2010, the "About Us" page of Defendants' "Boston Capital Partners" website identified Defendants as Plaintiff Boston Capital Partners Inc., which is absolutely false. Plaintiff Boston Capital Partners, Inc. is a Massachusetts corporation owned and controlled by Plaintiff Boston Capital Corporation. There is no affiliation between Defendants and Boston Capital, Inc. (i.e., the real Boston Capital).

18. Defendants' "Boston Capital Partners" website also claimed that Boston Capital Partners is a nationwide finance company, which provides leasing programs, financing options for loans and mortgages, and consulting services. A true and accurate copy of a printout of Defendants' "Boston Capital Partners" website, printed on March 10, 2010, is attached hereto as Exhibit 3.

19. As revealed by Defendants' "Boston Capital Partners" website, Boston Capital and Defendants offer related goods and/or services to the same or similar customers within the same or similar channels of trade, and market, advertise and promote their respective services to the same potential customers, all under the BOSTON CAPITAL mark.

20. Indeed, Defendants have registered, trafficked in, and/or used, and continue to traffic in and/or use the bostoncapitalpartners.com domain name, have operated, and continue to operate, a website that uses the bostoncapitalpartners.com domain name as the URL, and have

formed a limited liability company using essentially the same name (Boston Capital Partners LLC) as one of the most well-known and successful financial services companies in Boston.

21.     Upon information and belief, Defendants have taken these actions with the intent to confuse actual and potential consumers into believing that Defendants are affiliated with or otherwise associated with Boston Capital.

22.     Defendants began using the BOSTON CAPITAL mark in connection with its goods and/or services without Boston Capital's permission, approval, or authorization.

23.     By letter dated March 30, 2011, Defendants were put on notice of, among other things, Defendants' infringing use of the BOSTON CAPITAL mark and their violation of the ACPA, yet Defendants have refused to cease such conduct and, indeed, continue to argue that they have the right the use the BOSTON CAPITAL mark and URL.

24.     Boston Capital has used the BOSTON CAPITAL mark extensively and continuously and long before Defendants began selling, offering for sale, distributing, marketing, promoting, or advertising any goods and/or services under the BOSTON CAPITAL mark, before Defendants' registration of the bostoncapitalpartners.com domain name, before use of the bostoncapitalpartners.com domain name as a URL for Defendants' website, before registration of their company as Boston Capital Partners LLC, and before Defendants falsely began holding themselves out as being operated by Plaintiff Boston Capital Partners, Inc.

25.     Boston Capital is not related to, affiliated with, sponsored by, endorsed by, or otherwise connected in any way with Defendants.  Boston Capital has not authorized or approved any use by Defendants of the BOSTON CAPITAL mark, in connection with a domain name or otherwise.

26. As detailed herein, Defendants' use of the BOSTON CAPITAL mark is likely to cause mistake or confusion among consumers, or to deceive consumers, by causing them to believe that the source of Defendants' goods and services under the BOSTON CAPITAL mark is the real Boston Capital (i.e., Plaintiffs), and/or that Defendants are related to, associated with, sponsored by, endorsed by, or otherwise affiliated or connected with Boston Capital, which is not true.

27. Upon information and belief, Defendants have acted with full knowledge of Boston Capital's prior ownership of, rights in, and use of the BOSTON CAPITAL mark, as demonstrated by, among other things, the statement on Defendants' "Boston Capital Partners" website that they are operated by Plaintiff Boston Capital Partners, Inc., and have registered, trafficked in, and/or used the bostoncapitalpartners.com domain name with the bad faith intent to profit from the BOSTON CAPITAL mark.

28. Upon information and belief, Defendants have willfully used, and continue to use, the BOSTON CAPITAL mark with the intent to confuse, mislead, and deceive relevant consumers and the public, and unfairly trade on the substantial and valuable goodwill associated with Boston Capital's BOSTON CAPITAL mark, all without Boston Capital's authorization or consent.

29. Defendants' use of the BOSTON CAPITAL mark is causing and will continue to cause irreparable harm to Boston Capital.

**FIRST CAUSE OF ACTION**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(Lanham Act, 15 U.S.C. § 1125(a))**

30. Boston Capital repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

31. Defendants' use of the BOSTON CAPITAL mark in connection with the sale, offering for sale, distribution, or advertising of, or in connection with, its goods and/or services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Boston Capital.

32. Defendants have used, and continue to use, the BOSTON CAPITAL mark in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and serious and substantial injury to Boston Capital's business, goodwill, and reputation as symbolized by the BOSTON CAPITAL mark, for which Boston Capital has no adequate remedy at law.

33. Defendants' actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the BOSTON CAPITAL mark, thereby causing immediate, substantial and irreparable injury to Boston Capital.

34. As the direct and proximate result of Defendants' actions, Defendants have caused, and are likely to continue causing, substantial injury to the public and to Boston Capital, and Boston Capital is entitled to injunctive relief, and to recover Defendants' profits, actual damages, enhanced damages, reasonable attorneys' fees and costs, and an order for impoundment and destruction pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

## SECOND CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1114)

35. Boston Capital repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

36.     Defendants' use of the federally registered BOSTON CAPITAL mark in connection with the sale, offering for sale, distribution or advertising of, or in connection with, its goods and services is likely to cause confusion, or mistake, or to deceive, by creating the false impression that Defendants' goods and/or services are affiliated, associated, or connected with Boston Capital, or are sponsored, endorsed or approved by Boston Capital.

37.     Defendants have used, and continue to use, the federally registered BOSTON CAPITAL mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and serious and substantial injury to Boston Capital's business, goodwill, and reputation as symbolized by the BOSTON CAPITAL mark, for which Boston Capital has no adequate remedy at law.

38.     Defendants' actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the federally registered BOSTON CAPITAL mark, thereby causing immediate, substantial and irreparable injury to Boston Capital.

39.     Defendants have caused, and are likely to continue causing, substantial injury to the public and to Boston Capital, and Boston Capital is entitled to injunctive relief, and to recover Defendants' profits, actual damages, enhanced damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1114, 1116 and 1117.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE ANTI-CYBERSQUATTING**
**CONSUMER PROTECTION ACT ("ACPA")**
**(Lanham Act, 15 U.S.C. § 1125(d))**

40.     Boston Capital repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

41. Boston Capital's BOSTON CAPITAL mark is a mark protected under Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Defendants have registered, trafficked in, and used, and continue to hold a registration for, traffic in, and use, the bostoncapitalpartners.com domain name, which wholly incorporates, and is confusingly similar to, Boston Capital's BOSTON CAPITAL mark.

43. Boston Capital's BOSTON CAPITAL mark was distinctive and strong at the time that the bostoncapitalpartners.com domain name was registered.

44. Upon information and belief, Defendants have had, and continue to have, a bad faith intent to profit from the BOSTON CAPITAL mark.

45. Defendants have registered, trafficked in, and use the bostoncapitalpartners.com domain name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and serious and substantial injury to Boston Capital's business, goodwill, and reputation as symbolized by the BOSTON CAPITAL mark, for which Boston Capital has no adequate remedy at law.

46. Defendants' actions demonstrate a deliberate and willful intent to trade on the goodwill associated with the BOSTON CAPITAL mark, thereby causing immediate, substantial and irreparable injury to Boston Capital.

47. Defendants have caused, and are likely to continue causing, substantial injury to the public and to Boston Capital, and Boston Capital is entitled to injunctive relief, and to recover Defendants' profits, actual damages, or at Boston Capital's election any time prior to final judgment to recover, instead of actual damages and profits, an award of statutory damages, forfeiture or cancellation of the bostoncapitalpartners.com domain name or transfer of this

domain name to Boston Capital, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1114, 1116, 1117, and 1125(d)(1)(C).

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Enter judgment that Defendants have engaged in unfair competition and false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a);

(2) Enter judgment that Defendants have engaged in federal trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114;

(3) Enter judgment that Defendants have violated the Anti-cybersquatting Consumer Protection Act, Lanham Act, 15 U.S.C. § 1125(d);

(4) Order that Defendants and each of their respective agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, or on behalf of, Defendants, or in concert or participation with Defendants, be preliminarily and permanently enjoined from:

(a) Using the BOSTON CAPITAL mark or any other confusingly similar copy, reproduction or colorable imitation on or in connection with its business or any of its goods or services;

(b) Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with its business or any good or service that is a confusingly similar copy, reproduction or colorable imitation of the BOSTON CAPITAL mark;

(c) Using any trademark, service mark, name, logo, design or source designation of any kind or in connection with its business or any goods or services that is likely to cause confusion, or to cause mistake, or to deceive or public misunderstanding that such goods or services are produced or provided by Boston Capital, or are sponsored, endorsed, or authorized by Boston Capital, or are in any way connected or related to Boston Capital; or

(d) Registering, trafficking, or using any domain name that is identical to or confusingly similar to the BOSTON CAPITAL mark.

(5) Order that Defendants file with the Court and serve on Boston Capital's counsel within thirty (30) days after issuance of any injunction, or within such reasonable time as the Court may direct, a report in writing and under oath,

setting forth in detail the manner and form in which Defendants have complied with any injunction;

(6) Order that Defendants recall and destroy all goods and services, and other documents or materials prepared in connection therewith, bearing the BOSTON CAPITAL mark or any confusingly similar marks, which may have been used by Defendants or under Defendants' authority;

(7) Order that Defendants deliver up for impoundment and for destruction all signs, packages, receptacles, advertising, promotional or marketing material, catalogs, Internet websites or other material in the possession, custody or control of Defendants that are found to adopt or infringe the BOSTON CAPITAL mark or that otherwise constitute false designation of origin or unfair competition with Boston Capital and its goods and/or services;

(8) Order forfeiture or cancellation of the bostoncapitalpartners.com domain name or transfer of the bostoncapitalpartners.com domain name to Boston Capital;

(9) Compel Defendants to account to Boston Capital for any and all profits derived by Defendants' infringing activities as described herein;

(10) Award Boston Capital all damages caused by the acts forming the basis of this Complaint, including without limitation Defendants' profits and Boston Capital's actual damages and/or statutory damages, where appropriate and at Boston Capital's election, and/or a license fee or reasonable royalty;

(11) Based on Defendants' knowing, intentional, and willful use of the BOSTON CAPITAL mark and other conduct complained of herein, award treble and/or enhanced damages and/or profits, as provided for by 15 U.S.C. § 1117(a);

(12) Award Boston Capital prejudgment and post-judgment interest, as provided for by 15 U.S.C. § 1117(b) and/or other applicable law;

(13) Award Boston Capital the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and/or other applicable law; and

(14) Order all such other and further relief to Boston Capital as the Court may deem just and equitable.

**JURY TRIAL DEMANDED**

Boston Capital respectfully demands a trial by jury on all claims and issues so triable.

Dated:  December 22, 2011

Respectfully submitted,

BOSTON CAPITAL CORPORATION and
BOSTON CAPITAL PARTNERS, INC.

By their attorneys,

 /s/ Gina M. McCreadie
Jason C. Kravitz (BBO # 565904)
Gina M. McCreadie (BBO # 661107)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300
jkravitz@nixonpeabody.com
gmccreadie@nixonpeabody.com